Thank you, Your Honor. Lenore A. Seithammel, C-E-I-T-H-A-M-M-E-L, for the petitioner Modesta Aguilar Gonzalez. The dispositive issue in this case is whether the conduct of the petitioner, Modesta Aguilar Gonzalez, at the court of entry was an affirmative act which falls within the alien smuggling provision of the law, namely one who has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the U.S. in violation of the law. The plain meaning of the statutory provision requires an affirmative act of help, assistance, or encouragement. This court has found that in order for one to be deemed inadmissible as an alien smuggler, she must be an active participant and not a knowing spectator. Modesta's actions were twofold. One Let me stop you right first. As to the use of prosecutorial discretion, you really don't disagree. We really don't have any jurisdiction in that matter, do we? Generally speaking, not, Your Honor. Unless It's very narrow, and unless it's in extreme circumstances, and we were alleging bad faith on the part of the government in that case because we submitted a petition to the U.S. We submitted 28 pages in writing, and they never submitted a written response, and the judge ordered that they respond in writing, and they never did, and yet the judge went ahead and decided to terminate, to order her deportation based on the fact of an oral representation in court rather than in writing with reasons. So we're claiming that the government acted in bad faith because we submitted the application, they wanted more, they wanted more, we gave them more in writing, and they never responded in writing. Let me ask this. As I understand the record, the father was granted his adjustment of status, and he's home free in the United States. Yes, Your Honor. And that happened because he'd been here enough time? Yes, Your Honor. And that is what makes this case a tough case. Yes. Because he's already in, and now we have her. There's no question about that. There's no question it was his plan. It makes this a tough case. Let me ask this. What is, before this incident, what was her status? She was a lawful permanent resident. Lawful permanent resident. Yes. She'd had her card since 2000, and the incident happened in 2003, and she was only 22 at the time. And at the time, she was coming back across the border, so she was, in the words of the service, applying for admission to the U.S. Well, we were saying, we claimed that she was a lawful permanent resident who was just returning. Well, I understand, but she was coming back through the border wanting to come through again, right? Correct. And presenting an I-555 resident alien card. Correct. And at that point, well, the reason I think that's somewhat important is because I don't find any law that suggests that just simply because you're a legal permanent resident coming back through the border, that all of a sudden the government has the burden of proof. The general idea is that if you're a legal permanent resident and you leave the United States and now you come back to the United States, that you apply for admission, and now you have the burden of proof to prove that you have the right for admission. Well, with a lawful permanent resident, you've already been admitted once in a lawful status. It's not like every time you cross the border. If you're coming across with the illegal aliens, that would give them a reason to say that... Then the burden shifts, yes. Right. Now, I guess the next point, and this is where we wanted to get you to go anyway, and I think you're there. We're really talking about, I think under our law, whether your client did any affirmative act. Isn't that what we're really talking about? Yes, Your Honor. Because we already have case law that suggests that just riding in the car is not enough. Correct. So we're suggesting then that we have to look at whether there was an affirmative act. Now, what is the standard of review for this case and for our court? The substantial evidence rule is the standard for the court. So if I find there's any substantial evidence that sustains what the BIA, which they didn't even make an opinion, but the IJ did in this particular matter, then I can't undo it, correct? Could you say that again? If I find there's any substantial evidence to sustain what the IJ did in her decision, then I cannot undo that decision, even if I don't agree. That's correct. Well, I have right here an offer of proof, and that offer of proof is simple, and it is straight. It says that she acquiesced in giving her dad this passport, that he wanted her to give it. She told him no a couple of times, but finally she acquiesced. Now, if I take that offer of proof, how do I find that she didn't have an affirmative act? She could have said no again, but that affidavit, that offer of proof, all of that suggests that she acquiesced, which means I let him use it. Now, why is that not an offer? Why is that not an affirmative act? I can understand just having said in the back it's not an affirmative act. That's the law. But this isn't just sitting in the back. I'm not even suggesting having sat in the back and trying to pose, or some could argue trying to pose as the mother and trying to get him through like that. I'm not even going there. My worry is how do I get around, based on our precedent, that letting her father take that. Now, I appreciate the dad says I took it, but we're not looking at what the evidence could be on the other side. We're looking at what do I do with the evidence in front of the IJ, substantial evidence. The question is, is acquiescence an affirmative act? That's the issue. Well, we were saying that she's an unwilling, reluctant, passive participant. She felt coerced by her father. She lives in the same house with him. He is helping her to buy the house that she lives in. She had recently had a child out of wedlock, and she felt that he was helping her with that. And so she felt obligated under his pressure to allow him to take the son's birth certificate and use it. She did not present it to the officers at the border. She did not claim the child was her son. Her father took it and did all the talking. It was his plan. He even coerced the rest of his family to come with him, his wife, his other two permanent resident sons, and a nephew. They were all legal permanent residents, but it was easier for him if he took all those people with him. So you want the law of this circuit to say if you're under duress and you give somebody your passport to use, that's okay? No, I don't think that that's what happened here. She was reluctant. He took the certificate. He said, I want you to come with us. If I'm looking at the substantial evidence test, I'm not saying there's a great case to be made. He went in and took it. She didn't even know about it. He went in and did everything, but there is other evidence. And now I'm supposed to be doing the substantial evidence test on the IJ. And the evidence that he relies on in this particular instance is I let him take it because I was pressured, because he was my dad, for all the reasons you're suggesting. And now, forever in this circuit, I'm going to be making a rule that under those circumstances, that's not an affirmative act. Well, the only affirmative act was that she said it's okay if you use my son's certificate. Isn't that affirmative? She didn't give it to him. She didn't give it to an officer. She didn't claim to be the mom of the child. She acquiesced to the pressure of her dad, and he took the certificate and presented it. What's the definition of acquiesce in the dictionary? I don't know. I would think you would have looked. I'm sorry. That boils down to where we are, ma'am. I mean, I have tremendous ñ this case is a tough case, and tough cases make bad law sometimes. Because the guy who did all this, based on what he tells us all, is already in, and now we have this poor person who finally caves in to the guy and lets him use the certificate, and we're supposed to say to throw her out. But the bottom line is acquiesce. In other words, I let him take it. Is that not an affirmative act? That's the question. Well, there was no agreement here between father and daughter. There was no agreement to smuggle the children in. So that's all I can say. I'm out of time. I'm sorry. Thank you. May it please the Court. Eric Marsteller for the Attorney General. As my opposing counsel noted, the real issue here, and as the bench noted, the real issue is, is acquiescence an affirmative act? And we believe that the record does not compel the conclusion that it is not an affirmative act. What's the definition from the dictionary? I don't have that with me, Your Honor. Do you know what it is? I mean, I can give a layman's definition, but ñ You don't know what's in the dictionary. I have not looked at the dictionary. In Altamirano, the courts found that presence plus knowledge was insufficient to qualify as alien smuggling under the statute. We believe this case is different because there's more than just presence and knowledge. There's presence and knowledge at the border, but there's also this agreeing to let her father use the birth certificate. If the father had taken the birth certificate without Ms. Aguilar-Gonzalez knowing about it, that would be a different case and we wouldn't be here. But the fact of the matter is she did agree to it. And she also ñ it's interesting to note, it's important to note that she said no twice, which indicates that she, at least on some level, knew that it wasn't right that her father take the birth certificate. So it was, to a degree, an indicator that she kind of knew that this wasn't the right thing to be doing. And on the third time she was asked, she did reluctantly agree. And we believe that that agreement is sufficient to qualify as an affirmative act and that the record does not compel a contrary conclusion. Equius isn't agreement. That's true, Your Honor. Maybe agreement wasn't the best word. When she ñ well, I don't know if agreement might ñ she was asked, will you let me take it? And she said that, yes, you can take it. So it's only acquiescence if you look at the first two times when she said no. It perhaps is an agreement if you just look at the third question itself where she agreed that, yes, you can take it. But what's the exact testimony? We've only got this statement. We've got this offer of proof, yes. That's all that's there. So we don't know whether she agreed. All we know is that she knew that he had taken it. Isn't that all that we know? The offer of proof says that she was ñ she said no twice, and then that her father continued to ask her to provide the birth certificate and to accompany him to Mexico, and the third time she reluctantly said yes. So we do know that she said, yes, you can take the birth certificate. Okay. The issue is fairly straightforward. We believe that really the burden of proof is really critical here, and that the record must compel a conclusion contrary to that of the immigration judge. I'm happy to answer more questions, but if not, we just urge the Court to deny the petition for review. Well, this was an easy case before Altamirano. This was a different case before Altamirano, yes. The immigration judge, I mean, he made the same factual findings that would be relevant in Altamirano that she did assist. Well, when this case was decided below, Altamirano had not yet been published. That's correct. And so it was ñ Altamirano, there wasn't this affirmative act. The Court at least hadn't said that there was an affirmative act requirement, and the immigration judge in his decision defined assist as to lend countenance and then found that Ms. Aguilar-Gonzalez did lend countenance because she allowed her father to use the birth certificate. However, but the fact of the matter is that he made that birth certificate finding. Now the standard is probably a little higher than that and that it requires. Should we be sending it back to the BIA to look at Altamirano? That's not necessary, Your Honor, in this case. If to the extent Altamirano changed the law, it doesn't have really any effect here because the immigration judge found that applying the birth certificate ñ I'm sorry. Let me restate that. Looking at the fact that she gave the birth certificate, the immigration judge found that evidence that she did aid, assist, whatever the rest of the terms in the statute, encourage, induce, assist, aid, abet any other alien to enter the United States. So I don't think it needs to be remanded in light of Altamirano. However, if the court ñ however, that isn't an option for the court. If the court were to find that the record compels a contrary conclusion ñ actually, no, I don't think it would need to remand. If we were to send this to a mediation, which we sometimes do, that would give the government an opportunity to look again at whether they want to exercise prosecutorial discretion. At the time that they denied it, they hadn't yet decided that the father was okay. Is that right? That's my understanding. And actually, I apologize. I don't quite know what happened with the father's case. But that ñ I believe he was eligible for relief that she was ineligible for based on the time that he was in the country. I could be wrong on that. So this would give the government an opportunity to look at this subsequent event, which was the father's. Whenever a case goes to mediation, the government has that opportunity. Yes, sir. It would add a little fill-up to it. Thank you. All right. We appreciate counsel. We appreciate both of you. Did you ñ you might have had ñ did she have extra time? No. Okay. All right. We appreciate it. She has nothing more to say. Okay. This is case C ñ oh, sorry, 047456576. Gonzalez v. Mukasey is now submitted. And our court is adjourned until tomorrow. Thank you, counsel, for coming ñ you for waiting for counsel and counsel for you for doing what you had to do.
judges: Fletcher, Smith, King